**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES E. CRABTREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-688-JED-TLW |
| | ) |
| STATE OF OKLAHOMA; | ) |
| DEP'T OF HUMAN SERVICES; | ) |
| PAMELA BEARD; DEBBIE ANN FLEAK; | ) |
| KATHLEEN MRASEK; | ) |
| TULSA COUNTY POLICE DEP'T, | ) |
| Detective's Division; | ) |
| JOHN PRIDDY; DANA BOGIE; | ) |
| TULSA COUNTY DIST. ATTY'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On October 16, 2013, Plaintiff Charles E. Crabtree, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 complaint (Doc. 1). On October 22, 2013, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2). On October 25, 2013, Plaintiff paid both the $350 filing fee and the $50 administrative fee.

As a preliminary matter, the Court finds that because Plaintiff paid in full the $400 in fees required to commence this action, his motion to proceed *in forma pauperis* shall be declared moot. In addition, on December 11, 2013, the Clerk of Court received a letter from Plaintiff requesting a copy of the "stamp-filed" first page of the complaint, along with a copy of the docket sheet. The Court's records reflect that, in response to the letter, the Clerk sent a copy of the docket sheet to Plaintiff. The Clerk shall also send Plaintiff a copy of the "stamp-filed" first page of the complaint (Doc. 1).

Further, upon review of the complaint and for the reasons discussed below, the Court finds that the State of Oklahoma and the Oklahoma Department of Human Services are entitled to Eleventh Amendment Immunity; Defendants John Priddy and Dana Bogie, identified by Plaintiff as Tulsa County Assistant District Attorneys, are entitled to absolute immunity; Defendants "Tulsa County Police Department" and "Tulsa County District Attorney's Office" are not suable entities and shall be dismissed; and Plaintiff's claims against any remaining defendant shall be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

## *BACKGROUND*

On March 13, 1997, at the conclusion of a jury trial in Tulsa County District Court, Case No. CF-1995-4724, Plaintiff was convicted of two counts of Sexually Abusing a Minor Child, After Former Conviction of Three Felonies. On March 20, 1997, the trial judge sentenced Mr. Crabtree to 150 years imprisonment on each count, to be served consecutively. His civil rights complaint, which was filed more than sixteen years later, alleges that "his imprisonment resulted from perjured testimony knowingly used by State Authorities." (Doc. 1 at 4). Based on that underlying factual allegation, he identifies the following causes of action:

Count I: The "<u>STATED</u>" Prosecutor's [sic], John Priddy and Dana Bogie (Asst. District Attorney's [sic], knowingly utilized the "perjured" testimony of a DHS worker, Pamela Beard and the kids' aunt Lena Maywald at trial and suppressed favorable evidence in violation of Federal Constitution Fourth (4) Amendment. All allegations will clearly show, False Imprisonment; a lack of Probable Cause, to establish a criminal act, in [Tulsa County] Case # CF-1995-4724.

Count II: Malicious Prosecution: I have the right to freedom from deliberate misuse of the law and the Court, District Attorney, John Priddy and Dana Bogie, has [sic] violated the fundamental fairness of equal protection and due process of the law, constitution guaranteed procedural safeguard from a biased judicial platform of Tulsa County District Court.

| | |
|---|---|
| Count III: | Facts and circumstances will clearly show false imprisonment, false arrest, and multiple malicious prosecution. By documentation of court records, lack of probable cause and malice, must be shown to make out unlawful arrest. State Prosecutor knowingly utilized the "perjured" testimony of a Pamela Beard, a DHS worker and the kid's aunt Lena Maywald, at trial and suppressed favorable evidence, in violation of Plaintiff's federal rights. Plaintiff's Judgment and Sentence, will clearly show false imprisonment, and lack of probable cause for bringing a criminal action. |

(Doc. 1 at 6-7). All of Plaintiff's claims relate to his arrest and subsequent convictions entered in Tulsa County District Court, Case No. CF-1995-4724. In Plaintiff's request for relief in this Court, he asks for "immediate release from custody, compensation in the sum of 15 million dollars; as well as punitive damages, for false imprisonment, false arrest, malicious prosecution." *Id.* at 8.

## *ANALYSIS*

**A.     Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.

3

*Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

After liberally construing Plaintiff's *pro se* complaint, *see Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110, the Court concludes that, as discussed more fully below, Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted and that it would be futile to allow an opportunity to amend. The complaint shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

B.      **Request for money damages for "unlawful imprisonment"**

1.      **Assistant District Attorneys are entitled to absolute immunity**

State prosecutors, such as Defendants Priddy and Bogie, are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" *DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir. 1993) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Indeed, the Tenth Circuit has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute immunity. The Tenth Circuit succinctly stated the distinction, as follows:

> [i]n making the often "difficult distinction" between prosecutorial and non-prosecutorial activities (i.e., absolute and qualified immunity), we have held "'the determinative factor is "advocacy" because that is the prosecutor's main function.'" Finally, we have applied a continuum-based approach to these decisions, stating "the more distant a function is from the judicial process and the initiation and presentation of the State's case, the less likely it is that absolute immunity will attach."

*Gagan*, 35 F.3d at 1475-76 (internal citations omitted). "Moreover, because the immunity depends not upon the defendant's status as a prosecutor but upon 'the functional nature of the activities' of which a plaintiff complains, immunity for performance of inherently prosecutorial functions is not defeated by allegations of improper motivation such as malice, vindictiveness or self-interest." *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (internal citation omitted).

Applying these principles to Mr. Crabtree's claims, the Court concludes that the actions of the Tulsa County Assistant District Attorneys taken in connection with Plaintiff's prosecution are

5

clearly of the type protected by absolute immunity. Plaintiff's claims against the prosecutors do not involve investigative or administrative functions. Plaintiff claims the Assistant District Attorneys used perjured testimony, suppressed favorable evidence, and engaged in "selective prosecution." *See* Doc. 1 at 6-7. Those allegations relate to actions taken by the prosecutors during Plaintiff's criminal proceedings. Because Defendants Priddy and Bogie are entitled to absolute prosecutorial immunity, they shall be dismissed from this action with prejudice.

### 2. State of Oklahoma and its agencies are entitled to Eleventh Amendment immunity

Mr. Crabtree also sued the State of Oklahoma and the Oklahoma Department of Human Services. The Eleventh Amendment bars suit in federal court against a state or an agency of a state, absent a specific waiver of immunity by the State or express abrogation of the State's immunity by Congress. *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit and the Supreme Court has held that in passing § 1983, Congress did not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Since the Oklahoma Department of Human Services is a state agency, the Eleventh Amendment applies regardless of the relief sought. *See Higganbotham v. Oklahoma*, 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."). The claims brought against the State of Oklahoma and the Oklahoma Department of Human Services are dismissed without prejudice. *See Jones v. Courtney*, 466 F. App'x 696, 703 (10th Cir. 2012) (unpublished) (remanding case to district court with instructions to deny motion by prisoner seeking to hold Kansas

Department of Corrections liable for judgment without prejudice based on Eleventh Amendment immunity); *see also Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012) (unpublished)[1] ("[T]he district court . . . relied on Eleventh Amendment immunity to dismiss . . . without prejudice, in keeping with our precedent in *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978).").

### 3. "Tulsa County Police Department" and "Tulsa County District Attorney's Office" are not suable entities

Neither the "Tulsa County Police Department" nor the "Tulsa County District Attorney's Office" is a proper defendant. While a city, county, or municipality may be named as a defendant in a civil action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants. *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds by Tyus v. Martinez*, 475 U.S. 1138 (1986); *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 826 (D.N.J. 1993). Therefore, "Tulsa County Police Department" and "Tulsa County District Attorney's Office" shall be dismissed from this action.

### 4. Complaint shall be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)

As to Plaintiff's claims against any remaining defendant, the Court finds Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

---

[1] *Jones v. Courtney* and *Schrader v. Richardson* are cited only as persuasive authority, pursuant to Tenth Circuit Rule 32.1.

7

sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Each of Plaintiff's claims challenges the validity of his convictions. *See* Doc. 1 at 6-7. He claims the child victims were coerced, that Defendant Beard and a witness against him conspired to present false information, that the police detectives coerced false statements and generated false evidence, all to obtain his convictions. *Id.* at 3. Further, Plaintiff states that the crimes for which he was convicted "never happened." *Id.* The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his arrest and subsequent conviction "necessarily impl[ies] the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Plaintiff has not shown that his convictions have been overturned, vacated, or set aside. As a result, any claim for damages under 42 U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**C.     Request for immediate release from custody**

In addition to money damages, Plaintiff seeks "immediate release from custody." Such request lies in habeas corpus because it affects the length or duration of confinement. *Preisser v. Rodriguez*, 411 U.S. 475, 487-490 (1973); *Duncan v. Gunter*, 15 F.3d 989 (10th Cir. 1994); *Smith v. Maschner*, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, sought after exhaustion of state remedies and within the one-year limitations period, rather than a complaint under 42 U.S.C. § 1983. The Court finds, therefore, that Plaintiff's request for immediate release from custody shall be dismissed from this action.

*CONCLUSION*

For the reasons stated herein, Plaintiff's complaint fails to state a claim upon which relief can be granted and shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claims against Defendants Priddy and Bogie shall be dismissed with prejudice. Plaintiff's claims for damages against the remaining defendants shall be dismissed without prejudice. Plaintiff's request for immediate release from custody shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's claims against Defendants Priddy and Bogie are **dismissed with prejudice** based on absolute immunity.
2. Defendants the State of Oklahoma and the Oklahoma Department of Human Services are **dismissed without prejudice** based on Eleventh Amendment immunity.
3. Defendants "Tulsa County Police Department" and "Tulsa County District Attorney's Office" are **dismissed** as improper defendants.
4. Plaintiff's civil rights complaint (Doc. 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).
5. Plaintiff's request for immediate release from custody is improper in this civil rights action and is **dismissed**.
6. Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **declared moot**.
7. The Clerk shall send Plaintiff a copy of the "stamp-filed" first page of the complaint (Doc. 1).

8. This is a final Order terminating this action.

9. A separate Judgment shall be entered in this matter.

ORDERED THIS 17th day of December, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE